[*Special Term, October,* 1872.]

LONGWORTH & ANDERSON, EX'RS, *v.* MILTON McGREW ET AL.

A receiver may be appointed, on the application of the plaintiff, after the filing of the petition and commencement of service by publication, where the defendant can not be found, and has no known place of residence within the jurisdiction, or no attorney upon whom to serve notice of the application, if the other circumstances of the case justify it.

*King, Thompson & Longworth,* for plaintiffs.

HAGANS, J.    This was a motion to appoint a receiver in a proceeding instituted by lessors, to subject a leasehold estate to the payment of rents due under a lease.    The lessee had sublet the premises to various tenants, and made default in the payment of the rents, and then absconded, so that his whereabouts are unknown.    The tenants refused to pay the rents, and are occupying the premises and doing some damage to them.    The leasehold is not of sufficient value to pay the rents due.    No one could be found upon whom to serve the notice of the application, and the plaintiffs have begun service by publication.    The defendant has no known residence in this city, and no attorney.

This seems an extreme case, and one not within the ordinary rules of practice.    The suit is commenced by filing the petition and beginning the publication, and the jurisdiction of the court has attached.    The right to exercise the necessary and appropriate power of the court, before service of process, by the appointment of a receiver in such a case as this, seems to follow.    The circumstances of this case justify the exercise of the power of the court, and a receiver must be appointed.    *O. L. I. & Tr. Co.* v. *Stetson et al.,* 2 Dis. 351.

Motion granted.